## William Legg *versus* Cephas Willard.

In the case of a deed of assignment of goods, a delivery of a portion of the goods in token of a delivery of the whole, was *held* to be a constructive delivery of goods embraced in the assignment, which were at a distance from the place where the actual delivery of the portion was made, and which were in the hands of a third person and subject to a lien for his labor upon them.

The goods subject to the lien having been attached, after the assignment, at the suit of such third person, upon the claim secured by the lien, it was *held* that the lien was at an end, and that the assignee might maintain trover (after demand and refusal) against the attaching officer.

Trover for a quantity of shoes. Upon a case stated it appeared, that S. N. Warren and L. Eames, copartners in business in Upton, undertook, by a deed, to make a general assignment of their property to the plaintiff for the benefit of their creditors ; and thereupon made actual delivery of such of their effects as were near their place of residence, declaring that they delivered the same to the plaintiff in token of delivering to him all the property embraced in the assignment. On the day of the assignment one Phinehas Brooks had in his possession at Petersham, distant about fifty miles from Upton, 49 pairs of shoes, the stock of which had been delivered to him by Warren & Eames, to be manufactured into shoes at an agreed price per pair ; also one Lewis Curtis had in his possession at Petersham, under a similar contract with Warren & Eames, 50 pairs of shoes. On November 2, 1832, a letter written by the plaintiff, giving notice of the assignment, was delivered to Brooks by a messenger of the plaintiff, and by Brooks it was shown to Curtis. Afterwards, on the same day, the defendant, in his capacity of deputy sheriff, attached these shoes in suits against Warren & Eames, in favor of Brooks and Curtis. Subsequently, and before a sale of the goods by the defendant, and before the commencement of this action, the plaintiff exhibited to the defendant the deed of assignment and demanded the goods.

*Oct 1st.* *Brooks*, for the defendant, argued that on account of the lien which Brooks and Curtis had for the price of their labor, it was not in the power of Warren & Eames to deliver possession of the shoes, or the right of possession. And when

that lien was dissolved by the attachment, a new lien was created *eo instanti*. But independently of the lien there was no delivery. An actual delivery will not be pretended. Neither was there a constructive delivery. The notice of the assignment was not given by the assignors, but by the assignee, who was a stranger to Brooks and Curtis, and who did not exhibit to them any evidence of the transfer ; and Brooks and Curtis did not consent to hold for the plaintiff. Neither was there a symbolical delivery ; which is confined to goods of a ponderous nature. *Tuxworth* v. *Moore*, 9 Pick. 347 ; *Huntington* v. *Blaisdell*, 2 New Hampsh. R. 318 ; *Wood* v. *Partridge*, 11 Mass. R. 488.

*C. Allen, contrà*, said that there was a sufficient delivery ; *Shumway* v. *Rutter*, 8 Pick. 443 ; *Parks* v. *Hall*, 2 Pick. 206 ; *Chapman* v. *Searle*, 3 Pick. 38 ; *Tuxworth* v. *Moore*, 9 Pick. 347 ; that the goods being in the hands of persons who had a lien on them, no delivery was necessary ; *Badlam* v. *Tucker*, 1 Pick. 389 ; *Haskell* v. *Greely*, 3 Greenl. 425 ; that the lien was discharged by the attachment, and the attachment itself was void ; and that trover would lie. Bul. N. P. 35 ; 3 Dane's Abr. 188.

*Per Curiam.* It appears that there was no actual delivery of the goods in question, but at the time when the assignors executed the assignment, they made an actual delivery of such goods as were near their place of residence, in token of a delivery of the whole property embraced in the deed. This was clearly within the general rule, that a delivery of part of goods sold upon an entire contract, is a virtual delivery of the whole, and was sufficient to vest the property in the assignee. But if so, still it is contended that trover will not lie for property situated as this was at the time of the transfer ; that Brooks and Curtis had a lien, and that neither the plaintiff nor the original owners had a right to possession, until the lien was discharged. It is true that the plaintiff should have a right to immediate possession, and he could not maintain trover against Brooks and Curtis, without discharging their lien. But the defendant had no lien, and he cannot avail himself of the lien of Brooks and Curtis. And when Brooks and Curtis attached the shoes, they waived their lien.

*Defendant defaulted.*